**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry E. Ryan, | No. CV-17-01127-PHX-GMS (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Defendants. | |

Plaintiff Jerry E. Ryan, who is confined in the Arizona State Prison Complex-Lewis, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (doc. 1), a Motion for Leave to Amend (doc. 2), and a deficient Application to Proceed In Forma Pauperis (doc. 5). On May 5, 2017, Plaintiff filed a First Amended Complaint (Doc. 4). In a May 23, 2017 Order, the Court denied as premature the Motion for Leave to Amend and denied with leave to refile the Application to Proceed. (Doc. 6.) On June 22, 2017, Plaintiff filed a new Application to Proceed In Forma Pauperis. (Doc. 7.)

On August 28, 2017, the Court screened the Amended Complaint, ordered Defendants Ende, Corizon, Barrnett, and Thude to answer the Amended Complaint, and ordered Plaintiff to complete and return service packets for Defendants Ende, Corizon, Barrnett, and Thude within 21 days of the date of the Order. (Doc. 9.) The Court warned that if Plaintiff did not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of

the filing of the Complaint or within 60 days of the filing of the Order, whichever was later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii). (*Id*.)

On September 26, 2017, Plaintiff filed a Motion for Extension of Time to Complete Service of Summons and Complaint Upon Defendants (doc. 13), which the Court construed as a Motion to Extend Time to Return Service Packets as well as to extend the service deadline. On October 2, 2017, the Court granted Plaintiff's Motion, ordered Plaintiff to complete and return service packets for Defendants Ende, Corizon, Barrnett, and Thude on or before October 20, 2017, and extended the service deadline to November 27, 2017. (Doc. 14.)

On October 30, 2017, Plaintiff filed a second "Motion for Extension of Time to Named Defendants With Summons and Complaint" (doc. 15) asserting that he had been unsuccessful in obtaining a copy of his First Amended Complaint, and requested an additional 30 days to effect service. But the service deadline did not expire until November 17, 2017. Accordingly, the Court granted Plaintiff's Motion in part, setting a new deadline of December 2, 2017 for Plaintiff to complete service of Summons and Complaint upon Defendants. (Doc. 16.)

On November 20, 2017, Plaintiff filed a third "Motion for Extension of Time to Complete Service of Summons and Complaint" (Doc. 17) stating that he was still attempting to obtain a copy of his First Amended Complaint, and requested an additional 30 days to effect service. On November 21, 2017, the Court issued an Order granting Plaintiff an additional 30 days, from the date of the Order, to effect service, and set a new deadline of December 22, 2017 for Plaintiff to complete service of Summons and Complaint upon Defendants. (Doc. 18.)

On November 28, 2017, the clerk's office received service packets for Defendants Ende, Corizon, Barrnett, and Thude, and on the same date, forwarded the service packets to the United States Marshal Service for service. On December 6, 2017, a Process Receipt and Return for Defendant Barrnett was filed with the Court with the notation

"Returned unexecuted – per Corizon J. Bar[r]nett is no longer employed – personal address given from Corizon in not good any longer." (Doc. 19.)

On January 11, 2018, the Court issued an Order to Show Cause, on or before February 2, 2018, why Plaintiff's claims against Defendant Barrnett should not be dismissed for failure to comply with the Court's August 28, 2017 Order, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the Order to Show Cause or returned completed service packets. Therefore, the Court will determine whether dismissal of Defendant Barrnett is appropriate.

Plaintiff has the general duty to prosecute this case. *See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. Moreover, in appropriate circumstances, the Court may dismiss a Defendant for failure to prosecute even without notice or hearing. *See id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of Defendant Barrnett, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of Defendant Barrnett from this case. Plaintiff's failure to respond to the Court's Order prevents the case from proceeding against Defendant Barrnett in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed as to Defendant Barrnett. But Plaintiff has not responded.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal of Defendant Barrnett with prejudice would be unnecessarily harsh. Therefore, the Court will dismiss Defendant Barrnett without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to dismissal of Defendant Barrnett.

**IT IS FURTHER ORDERED** that Defendant Barrnett be dismissed from this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated this 22nd day of February, 2018.

_____
Honorable G. Murray Snow
United States District Judge